UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUMICO LIFE INSURANCE COMPANY, | ) |
| | ) Case No.: |
|     Interpleader Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LINDA ALISON BRIGHT, | ) |
| HUNTER GRIFFIN BRIGHT, and | ) |
| WRIGHT FUNERAL HOLDINGS, LLC | ) |
| | ) |
|     Interpleader Defendants. | ) |

## COMPLAINT-IN-INTERPLEADER

Interpleader Plaintiff Lumico Life Insurance Company ("Lumico"), pursuant to Fed. R. Civ. P. 22, files this Complaint-in-Interpleader against Interpleader Defendants Linda Alison Bright, Hunter Griffin Bright, and Wright Funeral Holdings, LLC, d/b/a Wright Funeral Home & Crematory (collectively, the "Interpleader Defendants"), as follows:

## PARTIES

1. Interpleader Plaintiff Lumico is a corporation organized under the laws of the State of Missouri, with its principal place of business located in Armonk, New York. Therefore, for purposes of subject-matter jurisdiction, Lumico is a citizen of the States of Missouri and New York. Lumico is, and at all relevant times was, authorized to transact business in the State of Alabama.

2. Interpleader Defendant Linda Bright ("Ms. Bright") is a citizen of the State of Alabama, presently residing in Dothan, Alabama. Ms. Bright is the former spouse of Timothy Glenn Bright (the "Insured").

1

3. Interpleader Defendant Hunter Bright ("Mr. Bright") is a citizen of the State of Alabama, presently residing in Andalusia, Alabama. Mr. Bright is the Insured's son.

4. Interpleader Defendant Wright Funeral Holdings, LLC, d/b/a/ Wright Funeral Home & Crematory ("Wright Funeral Home"), is a corporation organized under the laws of the State of Alabama, with its principal place of business located in Headland, Alabama. Upon information and belief, Wright Funeral Home holds an assignment to a portion of the life insurance proceeds at issue.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Lumico and the Interpleader Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper under 29 U.S.C. § 1391(b)(1)-(2) because at least one of the Interpleader Defendants resides in this judicial district, and because this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## GENERAL ALLEGATIONS

7. On or around March 13, 2019, Lumico issued a policy insuring the life of Timothy Glenn Bright in the face amount of $300,000.00—Policy No. G0494615 (the "Policy"). In the application, the Insured was designated as the Policy's owner, and the Insured's spouse at the time, Ms. Bright, and the Insured's son, Mr. Bright, were designated as the Policy's primary beneficiaries, with each to receive a 50% share of the Policy's death benefit.

8. The Policy was issued and delivered to the Insured in the State of Alabama.

9. On or around March 31, 2025, the Insured and Ms. Bright divorced. The Settlement Agreement included as part of the Judgment of Divorce states, in relevant part:

> 10. The Husband agrees to maintain the Wife as the beneficiary of his term life insurance policy with Lumico with the face value of $370,000. The Husband agrees to continue to make the premium payments on said policy unless it is possible to transfer ownership of the policy to the Wife.
>
> 
> AB
>
> 2
> Bright v. Bright
> Settlement Agreement
>
> 
> TB

10. However, there is no Lumico policy insuring the life of the Insured in the amount of $370,000.00. The only life insurance policy issued by Lumico insuring the life of the Insured is Policy No. G0494615, with a death benefit amount of $300,000.00.

11. The Insured died on October 26, 2025.

12. On October 28, 2025, Ms. Bright submitted a claim to Lumico for the Policy's death benefit.

13. On October 29, 2025, Mr. Bright executed a Funeral Home Assignment of Proceeds assigning $4,581.00 of the Policy's death benefit to Wright Funeral Home.

14. On November 3, 2025, Mr. Bright submitted a claim to Lumico for the Policy's death benefit.

15. Lumico received written correspondence from Ms. Bright stating, in relevant part, "[b]ecause another party has submitted claim to 50% of the policy without the knowledge of this divorce agreement I am kindly asking that funds be held until a final decision is made on the review."

16. While Alabama law holds that divorce automatically revokes a beneficiary designation in favor of an ex-spouse (Ala. Code § 30-4-17), Alabama law also recognizes that a

divorce decree can act as an exception to this general rule and also supersede a conflicting beneficiary designation under certain circumstances. *See, e.g., Downs v. Downs*, 978 So. 2d 768 (Ala. Civ. App. 2007); *see also McKinnis v. McKinnis*, 564 So. 2d 451 (Ala. Civ. App. 1990).

17. In light of the foregoing contests and Alabama law, Lumico cannot determine without peril whether the Policy's death benefit is payable to: (a) Ms. Bright and Mr. Bright, equally, as contemplated in the 2019 beneficiary designation and the language in the Settlement Agreement; (b) Ms. Bright only, pursuant to the language in the Settlement Agreement; or (c) Mr. Bright only, to the extent the Settlement Agreement is ambiguous and inapplicable and the general rule that a beneficiary designation in favor of an ex-spouse is revoked upon divorce. As a result, Lumico has been compelled to retain counsel and file the instant lawsuit against Interpleader Defendants.

## INTERPLEADER TO DEPOSIT POLICY PROCEEDS INTO THE REGISTRY OF THE COURT

24. Lumico incorporates by reference each preceding paragraph as if fully set forth herein.

25. Lumico admits that the Policy's death benefit is payable. However, due to the contests described above, Lumico cannot determine without peril the proper beneficiar(ies) to whom the Policy's death benefit is owed.

26. Lumico claims no beneficial interest in the Policy's death benefit, and it is instead a mere stakeholder.

27. Unless the potentially conflicting claims of the Interpleader Defendants are disposed of in a single proceeding, Lumico may be subject to multiple litigation and face substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Policy's death benefit.

28. Lumico is ready, willing, and able to pay the Policy's death benefit into the Registry of the Court upon issuance of an order authorizing the deposit of said interpleader funds.

29. Lumico is entitled to an order enjoining the Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any state or federal court against Lumico for the recovery of any claim, in whole or in part, against the Policy and/or the Policy's death benefit.

30. Lumico should be discharged as a disinterested stakeholder and should recover its reasonable attorneys' fees and costs for the services rendered in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Lumico respectfully requests that this Court enter a final judgment in its favor and against the Interpleader Defendants as follows:

1. That the aforementioned Policy's death benefit be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the judgment of this Court;

2. That the Court adjudicate the issue of which Interpleader Defendant is rightfully entitled to the Policy's death benefit;

3. That the Court enter an order enjoining each of the Interpleader Defendants, their agents, attorneys, and/or assigns, from instituting or maintaining any action in any court or forum against Lumico for the recovery of any claim, in whole or in part, against the Policy and/or the Policy's death benefit;

4. That an award be made to Lumico out of the funds to be deposited into the Registry of this Court, as reimbursement for the costs, attorneys' fees, and other expenses that Lumico is compelled to expend in the prosecution of this lawsuit;

5.  That Lumico be dismissed *with prejudice* from this action and discharged from any and all further liability with respect to, affecting, or in any way arising out of the Policy and/or the Policy's death benefit with an express finding of finality; and

6.  That Lumico be awarded such other and further relief as the Court may deem just and proper.


Dated: December 17, 2025              Respectfully submitted,

                                      */s/ Emily C. Burke*
                                      Emily C. Burke
                                      Maynard Nexsen, PC
                                      1901 Sixth Ave N, Suite 1700
                                      Birmingham, Alabama 35203
                                      Telephone: 205.254.1046
                                      eburke@maynardnexsen.com

                                      *Attorney for Interpleader Plaintiff Lumico Life Insurance Company*